IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Walters, ) | |
| ) | C/A No. 9:09-2687-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Sgt. Holtzclaw, Lt. Lark, Nurse McFadden, ) | |
| Maj. Phillip Anderson, Officer Wells and ) | |
| Officer Tenney, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying complaint, Plaintiff David Walters was incarcerated at the Greenwood County Detention Center in Greenville, South Carolina. Plaintiff, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 on October 15, 2009, alleging that Defendants had denied him proper medical care.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On April 6, 2010, Defendant McFadden filed a motion for summary judgment. On April 12, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. On April 14, 2010, Defendants Anderson, Holtzclaw, Lark, Tenney, and Wells filed a motion for summary judgment. A second Roseboro order was issued on April 16, 2010. Plaintiff did not respond to the motions for summary judgment. By order filed May 24, 2010, the Magistrate Judge granted Plaintiff and additional ten days, until June 4, 2010, to respond to Defendants' motions for summary judgment. Plaintiff specifically was advised that the case would be subject to dismissal for failure to prosecute if he failed to respond. See Fed. R. Civ. P. 41(b). Plaintiff filed no response to the Magistrate

Judge's order. On June 8, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that the within action be dismissed for failure to prosecute. Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and adopts the Report and Recommendation. Plaintiff's complaint is dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 12, 2010.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**